```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

UNITED STATES OF AMERICA,     )
                              )
        Plaintiff             )
                              )         No. 3:12-0179
v.                            )         Judge Sharp/Brown
                              )
DUSTIN B. BOGART, *et al.*,   )
                              )
        Defendants            )

**TO:  THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Presently pending in this case is a motion to dismiss by Defendants Dustin and Marcy Bogart (Defendants) (Docket Entry 35), and a motion to consolidate this case with a similar Pennsylvania case involving the same parties also filed by Dustin and Marcy Bogart (Docket Entry 48). For the reasons stated below the Magistrate Judge recommends that both of these motions be DENIED.

### BACKGROUND

The United States of America's (Plaintiff) complaint seeks to reduce the judgment tax assessments against Dustin Bogart for income tax, taxes, penalties, and interest for tax years 2000 through 2003; obtain a declaration regarding the validity of federal tax liens and nominee liens against the property and rights to property owned by Dustin Bogart, and to foreclose such liens against real property located at State Route 147, Stewart, Tennessee; and to sell the real property and apply the proceeds to satisfy the federal tax liens.

Marcy Bogart is named as a Defendant because the United States believes she may claim an interest in real property located within the Middle District of Tennessee. Likewise, the Defendant Southern Country Ranch (SCR) is named as a Defendant because the Plaintiff believes they claim an interest in the real property located within the Middle District of Tennessee.

Under jurisdiction and venue the Plaintiff alleges that the action is at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, the delegate of the Secretary of Treasury, and at the direction of the Attorney General of the United States or his delegate, pursuant to 26 U.S.C. §§ 7401, 7403.

The Defendants' motion to dismiss allege that the Plaintiff has failed to offer any proof that this action has been approved by the required governmental officials. The Plaintiff has responded (Docket Entry 47), arguing that absent specific evidence that the suit has not been authorized, that the Plaintiff's statement of authorization in the complaint is sufficient, citing *United States v. McCallum*, 970 F.2d 66, 69 (5th Cir. 1992). Additionally, with their response the Plaintiff filed an affidavit of Mr. Lambert (Docket Entry 47-1), certifying that his file contains a February 10, 2012, letter (Docket Entry 47-2) transmitting the complaint in the case to the associate area

counsel of the Internal Revenue Service with reference to approval by the delegate of the Attorney General.

Docket Entry 47-2 states that the suit has been filed at the direction of the Attorney General, with the authorization of and at the request of the Chief Counsel.

The motion to consolidate (Docket Entry 48) is based on the fact that the Defendants have resided in Pennsylvania since March 2010 when Mr. Bogart's father passed away. The Defendants further state that it would be a serious inconvenience, given his 78-year-old handicapped mother, for them to have to defend this case in Tennessee. They also point out that they are involved in a similar suit in Pennsylvania. The Magistrate Judge has reviewed the Pennsylvania case, *United States of America v. Dustin B. Bogart, Marcy A. Bogart, and Southern Country Ranch*, Middle District of Pennsylvania Docket Number 4-12-347.

In the Pennsylvania suit the Plaintiff seeks to obtain a declaration regarding the validity of federal tax liens and nominee liens against the property and rights to the property owned by Dustin Bogart, and to foreclose such liens against real property located on Brush Valley Road in Sunbury, Pennsylvania, and to follow this real property subject to the federal tax liens and nominee liens. That suit also alleges the Bogarts reside on State Route 147, Stewart, Tennessee. It further alleges that there is property of SCR that is located in Pennsylvania.

3

The Bogarts filed a motion in Pennsylvania to consolidate that case with the case in this court. The District Judge in the Pennsylvania case denied the motion to consolidate the cases in Pennsylvania (case 4-12-347 Docket Entry 20). He held that there was real property alleged to be in Tennessee, and additional real property alleged to be in Pennsylvania and the cases should remain where their was real property.

At the request of the Magistrate Judge (Docket Entry 31), the Plaintiff filed a statement on the consolidation issue (Docket Entry 41). In their response, the Plaintiff pointed out that in their view the Defendants claimed Tennessee as their permanent residence and that venue was within the Middle District of Tennessee. They argue that venue under 26 U.S.C. § 7403 is only proper in the district in which the property is located. They argue that consolidation would be appropriate only if the action here could have originally been brought in Pennsylvania, citing 28 U.S.C. § 1404(a).

At the initial case management conference in this matter, held on September 24, 2012, Mr. Jerry Spears participated and advised that he was the trustee for SCR. He agreed to accept service by mail in this matter. The Plaintiff advised that they would promptly serve him at his Stewart, Tennessee address. He was advised by the Magistrate Judge that he would not be able to represent an artificial entity, such as SCR, and that SCR would have to have an attorney represent it.

4

**LEGAL DISCUSSION**

The Magistrate Judge believes that the United States has alleged a sufficient basis for this lawsuit to resist a bare motion to dismiss. The complaint itself alleges the appropriate authorities have approved the litigation, and although the actual letters of authorization was not been filed, the Plaintiff's trial attorney has provided, under penalty of perjury, a statement that he has been assigned litigation responsibilities for the present civil action and has presents evidence of proper authorization by Treasury and justice.

At this early stage of the litigation the Magistrate Judge believes that the complaint and the supporting documents are sufficient to withstand this motion to dismiss. Absent some specific proof that this litigation was not authorized, the Magistrate Judge believes that the motion to dismiss is without merit.

The motion to consolidate the cases in Pennsylvania is a closer question and certainly has some appeal at the practical level. While jurisdiction cannot be waived by the parties, venue can be waived. In this case, the Plaintiff has chosen Pennsylvania and Tennessee for the filing of these cases because the seek to foreclose on real property in both states. Although the complaint alleges that the Bogarts reside in Tennessee, it does appear from the pleadings that at the present time they are living in Pennsylvania and will remain there for the foreseeable future.

5

They contend that they do not, at the present time, have a residence in Tennessee and they disclaim any present connection with SCR.

They do make an argument that since they are in Pennsylvania it would be more convenient for them to litigate the matter there. The counsel for the Plaintiff resides in Washington and it would make little or no difference whether counsel had to travel to Pennsylvania or Tennessee, from the Plaintiff's standpoint.

Were that the extent of the case, the Magistrate Judge might well recommend that venue in this case be transferred to the Middle District of Pennsylvania. However, as a result of the case management conference, Mr. Spears has appeared and advised that he is the trustee for SCR and that he resides in Stewart, Tennessee. SCR, which according to the complaint, owns property both in Tennessee and Pennsylvania, has not indicated that it desires to waive venue. Absent a waiver of venue by SCR, the Magistrate Judge believes that this motion to consolidate must be DENIED without prejudice at this stage of the proceedings. *See Union Planters Bank, N.A. v. EMC Mortgage Corporation*, 67 F.2d 915 (W.D. Tenn. 1999).[1]

---

[1] Should all Defendants and the Plaintiff agree, the Magistrate Judge believes that this case might well be properly transferred to the Middle District of Tennessee. However, at this point there is no agreement by all Defendants.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss (Docket Entry 35) and the motion for consolidation and transfer (Docket Entry 48) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 28th day of September, 2012.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge