UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:12-0179 |
| v. | ) | Judge Sharp/Brown |
| | ) | |
| DUSTIN B. BOGART, et al., | ) | |
| | ) | |
| Defendants | ) | |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

**1. Jurisdiction**: The United States believes that jurisdiction over this action is conferred upon this Court by virtue of 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345. Additionally, venue is proper in this district and division under 28 U.S.C. § 1391(b)(1), because the defendants claim permanent residence within this judicial district, and under 28 U.S.C. § 1391(b)(2), because the Real Property to be foreclosed is located within this judicial district, at 5380 State Route 147, Stewart, Tennessee. The United States believes that all defendants have been properly served.

The defendants appear to be challenging the jurisdiction of this Court and have filed a motion to dismiss arguing that the District Court lacks jurisdiction to entertain this action against them because the Complaint fails to show that the action was authorized as required by 26 U.S.C. § 7401. Additionally, the

defendants appear to be challenging service on Southern Country Ranch.

    **2.    Plaintiff's Theory of the Case:** The United States alleges that the defendant, Dustin B. Bogart, has unpaid tax liabilities for the 2000, 2001, 2002, and 2003 tax years in the total amount of $284,074, as of February 13, 2012, and is seeking a judgment regarding that unpaid tax liability.

As a result of the unpaid tax liabilities, the United States had Federal tax liens against all property and rights to property of Mr. Bogart. The United States is now seeking to foreclose its tax liens against the Real Property located at 380 State Route 147, Stewart, TN 37175, and to have the property sold to satisfy Mr. Bogart's outstanding tax liabilities.

Title to the real property is currently in the name of Southern Country Ranch. The United States alleges that Southern Country Ranch is a nominee of Mr. Bogart because Mr. Bogart has retained all of the benefits and is responsible for all of the burdens of ownership of the property, including but not limited to payment of real estate taxes, maintenance of the property, and use of the property.

Alternatively, if Southern Country Ranch is not the nominee of the Mr. Bogart, the United States contends that Southern Country Ranch acquired the real property from the Mr. Bogart in a fraudulent conveyance because Mr. Bogart provided the funds used to

acquire the property, which was done to hinder, delay, or defeat the Internal Revenue Service from collecting Mr. Bogart's tax liabilities.

   3.   **Defendants' Theory of the Case:** Mr. Jerry Spears has participated in the telephone conference. Mr. Spears advised that he was the trustee and manager of Southern Country Ranch and that the Bogarts do not live there and have no present connection with the ranch. He stated that the property is rented out. Mr. Spears stated that he would be willing to accept service of process on behalf of Southern Country Ranch at the address previously used (Docket Entry 8) of 5380 State Route 147, Stewart, Tennessee 37175. Counsel for the Government advised that they would send him a formal service of process by certified mail.

   The **Clerk** will enter Mr. Spears as an interested party for the purpose of receiving orders in this matter. The Magistrate Judge did advise Mr. Spears that it was his opinion that because Southern Country Ranch was not a natural person, it would have to be represented by an attorney in this proceeding.

   The Bogarts deny liability insofar as the Southern Country Ranch, and for the purpose of this proceeding, deny the amount of liability claimed by the Government.

   4.   **Identification of Issues:**   At this point in the litigation, the defendant has not answered the Complaint but is instead challenging this Court's subject matter jurisdiction over this action and is challenging proper service on Southern Country

3

Ranch. Once the Complaint is answered, the parties can determine if any of the issues alleged in the Complaint have been resolved.

    **5. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** The United States does not anticipate joining any other parties or claims in this case.

    **6. Witnesses, subject to supplementation by each party:** At this time, the only witnesses the United States is aware of with information relevant to this case are the defendants, Dustin B. Bogart and Marcy A. Bogart.

    **7. Initial Disclosures and Staging of Discovery:**

        A. All discovery shall be completed by the close of business on **April 30, 2013**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **April 30, 2013**. All discovery related motions shall be filed by the close of business on **May 14, 2013**.

        B. Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

    **8. Dispositive motions:** Dispositive motions will be filed on or before **May 31, 2013**. Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not

4

exceed **25 pages**. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

      **9. Other deadlines:** At this time, the United States does not foresee the need for other deadlines in this case.

      **10. Alternative dispute resolution:** During the course of the case management conference the Bogarts and Mr. Spears advised that they would like to propose a potential resolution in this matter. Counsel for the Government advised that they could certainly send him a proposal and he would be willing to schedule a telephone conference with them about their proposal. Mr. Lambert did point out that the case now is in the hands of the Department of Justice for litigation and that any settlements will have to go through the Department of Justice, subject to input from the Internal Revenue Service.

      **11. Consent to trial before the Magistrate Judge:** The parties do not consent to trial before the Magistrate Judge.

      **12. Subsequent case management conferences:** A telephone conference with Magistrate Judge Brown to discuss case progress is set for **November 28, 2012, at 10:00 a.m. CST. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

5

Case 3:12-cv-00179   Document 55   Filed 10/04/12   Page 5 of 6 PageID #: 218

**13. Target trial date:** The United States anticipates that this will be a bench trial that will last two days. Should Southern Country Ranch request a jury, then the Magistrate Judge estimates that it would take three days depending on what issues remain for trial. After consulting with Judge Sharp's courtroom deputy, this matter is set for trial on **November 29, 2013**, **at 9:00 a.m.** Judge Sharp will conduct the final pretrial conference on **October 28, 2013, at 1:30 p.m.** Judge Sharp will issue a separate order covering his requirements for the final pretrial conference and the trial.

**14.** Mr. Bogart requested a copy of the recording of the telephone conference and the Magistrate Judge has emailed Mr. Bogart a copy of the digital recording.

The **Clerk** is directed to add Mr. Bogart's email address to the docket: dustybogart@yahoo.com.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

6