UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff            )
                             )        No. 3:12-0179
v.                           )        Judge Sharp/Brown
                             )
DUSTIN B. BOGART, et al.,    )
                             )
        Defendants           )

**O R D E R**

A lengthy telephone conference was held with the parties in this matter on November 28, 2012. As an initial matter it appears that certified mail send to Mr. and Mrs. Bogart is being returned as undeliverable. However, they advised that they are receiving regular mail. The **Clerk** will send Mr. and Mrs. Bogart and Mr. Jerry Speer further orders and other notices in this case by regular mail and email only.

Mr. Jerry Speer, who is the trustee for Southern Country Ranch, participated in the telephone conference. Mr. Speer has received the complaint in this case and the Government advised that they would file proof of service on Southern Country Ranch within the next few days.

The Magistrate Judge advised Mr. Speer that, in his opinion, the Southern Country Ranch was not a living, breathing entity, and as such could not be represented by anyone who was not an attorney. *See, Bank of New York v. Miller*, 923 M.E.2d 651 (Ohio 2009), which held that a trustee in a foreclosure action was

engaging in the unauthorized practice of law by filing responsive pleadings and briefs on behalf of the trust. Tubalcain Trust v. Cornerstone Construction, Inc., 1994 WL 232228 Ohio App. 10 Dist. May 26, 1994, which upheld the dismissal of a trust complaint because the trust was required to obtain counsel to represent it. One of the trustees could not represent the trust. The Sixth Circuit has held that a Plaintiff cannot represent their minor child as a *pro se* party, and can only represent themselves. *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002); *see also*, *Terrell Demolition v. City of Cincinnati,* 786 F.2d 1166 (6th Cir. 1986).

Mr. Speer, the Trustee, was allowed to remain on the telephone conference call and the **Clerk** should send a copy of this order to Mr. Jerry Speer, 5290 Highway 147, Steward, TN 37175. At this point the **Clerk** will enter Mr. Speer as only an interested party, telephone number 931-721-2775, email: ParadiseRanchTN@aol.com. Even though the Magistrate Judge allowed Mr. Speer to participate in the telephone call and he will be listed as an interested party, the Magistrate Judge is of the firm opinion that Mr. Speer may not file any formal pleadings on behalf of Southern Country Ranch. Failure to obtain counsel could result in a default against the trust.

The Government should respond to the pending motion to dismiss (Docket Entry 66) within the time provided in the Local Rules.

2

The Magistrate Judge did discuss with the parties his concern that this motion appeared to be simply a rehash of the previous motion to dismiss (Docket Entry 35), which has been ruled on by Judge Sharp. While it is true that the Court's jurisdiction can be questioned at any point, this does not mean that a decision of the District Court may be relitigated in the District Court, absent new grounds or facts.

The Magistrate Judge briefly discussed with the parties the possibility of a settlement in the matter. The Defendants should be aware that given the structure of the tax division, responses to questions may easily take up to 30 days. It is also the Magistrate Judge's experience that in dealing with the tax division, in a request for a settlement involving less than full payment, the tax division will insist on receiving complete answers to their requests for financial disclosure.

While the Magistrate Judge is certainly willing to allow some time in the scheduling order for the parties to try to resolve the matter, absent some indication that a settlement is likely, the Magistrate Judge is unwilling to delay the scheduling order in this case at the present time.

The Bogarts requested a copy of the recording of this telephone conference and the Magistrate Judge will provide with this order a audio CD of the telephone conference and the **Clerk** is directed to send a copy to Mr. Speer, counsel for the Government, and to Mr. Bogart.

Discovery is not stayed in this case pending the resolution of the motion to dismiss.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

4