```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff                    )
                                     )          No. 3:12-0179
v.                                   )          Judge Sharp/Brown
                                     )
DUSTIN B. BOGART, et al.,            )
                                     )
        Defendants                   )

## **O R D E R**

The Defendants have filed a motion (Docket Entry 104) requesting an additional 30 days to respond to the Plaintiff's pending motion for partial summary judgment (Docket Entry 91). This motion is **GRANTED** in part.

Defendants state that they were unsure of the time limits they have for a response. The Magistrate Judge would refer them to the scheduling order, which was entered by the Magistrate Judge after a telephone conference with the Defendants (Docket Entry 55). Paragraph 8 specifically states that responses to dispositive motions are due 28 days after the motion. The motion for partial summary judgment was filed on July 1, 2013. Therefore, after allowing three days for service, the Defendants' response was due on August 1, 2013. There should have been no confusion about when a response was due.

The Federal Rules of Civil Procedure set out various deadlines for responses as well as the local rules of Court. For instance, Local Rule 7.01 deals with responses. In this case, the

Magistrate Judge, for the benefit of the parties, set out a specific deadline in the scheduling order. Nevertheless, giving the Defendants the benefit of the doubt they may have until **August 30, 2013**, to file a response.

In their motion Defendants state that they believed the Court would order a response from the Plaintiff to their affirmative defense. The answer and affirmative defense of the Defendants were just that. If a party wishes a court to take a specific action that must be filed in a separate motion, such as a motion to dismiss or a motion for partial or full summary judgment. Claims in the complaint and claims in the answer and affirmative defenses are just pleadings. They do not require further response, except as the case progresses through discovery and motion practice, and perhaps to a trial where the plaintiff's claims must be proven and the defendant's affirmative defenses must be proven.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge