IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **UNITED STATES of AMERICA**, | ) |
| Plaintiff, | ) ) |
| vs. | ) Cv. No. 3:12-cv-0179 ) District Judge Sharp/Magistrate Judge ) Brown. |
| **DUSTIN BOGART, and MARCY A. BOGART,** | ) ) ) |
| Defendants | |

**To the Honorable District Judge Kevin H. Sharp**

<u>**REVIEW AND RECOMMENDATION**</u>

Presently pending before the Magistrate Judge are the plaintiff's, The United States of America, and the defendant's, Dustin Bogart, Cross-Motions for Partial Summary Judgment as to count I of the complaint. (Docket Entry ("DE") 91) As explained in detail below, the Magistrate Judge recommends that the plaintiff's Motion for Summary Judgment be **GRANTED** and the defendant's Motion for Summary Judgment be **DENIED**.

**I. INTRODUCTION AND BACKGROUND**

The defendant, Dustin Bogart ("Defendant"), failed to file tax returns or to pay federal income taxes from 2000 through 2003. (Complaint, DE 1, p. 1) Accordingly, the Internal Revenue Service ("IRS") determined Defendant's gross income and the resultant tax liability from "other" reporting sources. (Plaintiff's Statement of Material Fact ("Statement of Fact"), DE 91-2, p. 1) Plaintiff assessed the outstanding tax liability, penalties, and interest against Defendant, Certified those assessments, provided notice to Defendant of the outstanding liability, and made demand for payment. (Declaration of Kenny Odell Justice, DE 91-5, p. 2 ¶¶ 5, 6) Plaintiff also filed liens against Pennsylvania and Tennessee property in which Defendant purportedly has an ownership interest. (Exhibits 14 & 15 to Defendant's Memorandum in

Support of Cross-Motion for Summary Judgment, DE 119-1, 119-2) Plaintiff was unsuccessful in securing payment from Defendant and instituted this action on February 13, 2012 to reduce these assessed taxes and statutory penalties to final judgment.[1] (DE 1)

The initial case management order established April 30, 2012 as the deadline for conducting discovery and May 31, 2012 as the deadline for filing dispositive motions. (DE 55) However, those dates were extended by thirty days by Order dated January 31, 2012. (DE 86) Plaintiff timely filed the instant motion for partial summary judgment as to Count I of the complaint on July 1, 2013. (DE 91) Defendant filed a motion for leave to respond to Plaintiff's motion for partial summary judgment on August 12, 2013 (DE 104), and, once granted (DE 106), filed his reply and a cross-motion for partial summary judgment on September 3, 2013. (DE 118)

This matter is properly before the court.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate where there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Miller v. City of Calhoun County*, 408 F.3d 803, 812-13 (6th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). A "genuine issue of material fact" is one which, if proven, could adduce a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden for establishing the absence of a genuine factual dispute rests with the moving party. *Id.* at 249-50.

---

[1] Plaintiff has also filed suit in the Middle District of Pennsylvania to pursue real property assets attributed to Defendant there. *See* United States of America v. Dustin B. Bogart, et al, Civil Case 4:12-cv-00347. The Pennsylvania property and any claim thereto is not considered as part of Plaintiff's claim or relief requested here.

In deciding whether summary judgment is appropriate, the District Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for a trial." *Sowards v. Loudon County*, 203 F.3d. 426 (6th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000). In so doing, the district court must "draw all reasonable inferences in favor of the non-moving party" in its analysis of the pleadings, affidavits, and other submissions. *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013) (citing *Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party is not entitled to trial solely on the basis of the pleadings themselves, but must provide more than conclusory allegations, speculation, and unsubstantiated assertions. *See Lujuan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Rather, at the summary judgment stage, the party opposing summary judgment "must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient." *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252)

### B. Defendant's Tax Liability

Plaintiff asserts that the Certificate of Assessment showing the IRS's calculation of Defendant's tax liability provides *prima facie* evidence of Defendant's tax burden. (Plaintiff's Memorandum in Support of Summary Judgment ("Plaintiff's Br."), DE 91-1, p. 3; DE 9-16, pp. 1-23) As such, the burden shifts to Defendant to prove by a preponderance of evidence that Plaintiff's assessment of his tax liability is other than the $295,194.00 reflected in the IRS'

3
Case 3:12-cv-00179 Document 127 Filed 10/17/13 Page 3 of 7 PageID #: 661

Certificate of Assessments. (Plaintiff's Memorandum in Support of Partial Summary Judgment, DE 91-1, pp. 3-4; Declaration of Kenny Odell Justice, DE 91-5, pp. 1-2)

In reply, Defendant provides no evidence that Plaintiff's assessment is erroneous. Rather, Defendant appears to defend against Plaintiff's claims by asserting that the federal tax law ("the Code"), 26 U.S.C. § 1 *et seq.*, imposes a varying regime of taxation depending upon an individual's status. (Defendant's Memorandum in Support of Defendant's Cross-Motion for Summary Judgment ("Defendant's Br."), DE 119, pp. 3-10) According to Plaintiff's argument, only resident aliens and foreign corporations are subject to the mandatory withholding and reporting requirements of the Code. (Defendant's Br., DE 119, p. 22-25)

For U.S. Citizens like Defendant, the Code imposes only a voluntary system of taxation. (Defendant's Br., DE 119, pp. 3-10) Defendant argues that no provision in the Code compels him to file a tax return. (Defendant's Br., DE 119, p. 7) Further, Defendant asserts that the "substitute for return" and Certificate of Assessment prepared by the IRS are only speculative estimates of his tax liability based upon hearsay and untrustworthy third-party reports that may not be recognized by the court as sufficient to establish Defendant's legitimate tax liability. (Defendant's Br., DE 119, pp. 3-9)

Relying on the Internal Revenue Manual ("IRM") section 4.12.1.10.7, Defendant argues that he is not required to file a return and did not consent to pay the amount reflected by the IRS' determination and Certificate of Assessment. (Defendant's Br., DE 119, p. 5) Thus, the liens filed by the IRS and the Certificate of Assessment that Plaintiff desires to have reduced to judgment are "non-statutory legal nullit[ies]." (Defendant's Br., DE 119, p. 5) Accordingly, the IRS must close his case and forego collection of Defendant's portion of the nation's financial

burden. (Defendant's Br., DE 119, p. 26) Defendant's argument is patently absurd and finds no support in the Constitution or laws of the United States.

In 1913, a majority of the States authorized and invited Congress to "lay and collect taxes on incomes, from whatever source derived." U.S. Const. Amend. XVI. Congress accepted the populace's invitation in the form of 26 U.S.C. § 1 *et seq*. The Code imposes upon "every individual who is a citizen or resident of the United States" the obligation to pay income taxes. *Id.* at § 1. The tax "every individual" is required to pay is determined by tables based upon the individual's "taxable income." *Id.* at § 1, 3. "Taxable income" is defined as "gross income minus the deductions allowed by this chapter," and is referred to in the Code as "adjusted gross income." *Id.* at § 63. "Gross income" is an expansive term encompassing "*all* income from whatever source derived." *Id.* at § 61; *See also United States v. Burke*, 504 U.S. 229 (1992). Thus, contrary to Defendant's argument, *any* individual whose gross income exceeds the deductions allowed by the Code is a "taxpayer."

Also contrary to Defendant's argument, the Code provides that "[r]eturns with respect to income taxes under subtitle A *shall* be made by . . . [e]very individual having for the taxable year gross income which equals or exceeds the exemption amount." 26 U.S.C. § 6012(a)(1)(A). This filing requirement is not "voluntary" as Defendant believes, but is a compulsion on *every* "citizen or resident of the United States." *Id.* at § 1; *See Garner v. United States*, 424 U.S. 648, 652 (1975). To ensure that each individual's income is reported, the Code also imposes reporting requirements on third party payors such as employers, banks, and investment companies to report to the IRS sums of money paid to individuals in the form of wages or earnings. 26 U.S.C. § 6051. The IRS provides form templates for use by entities with reporting

requirements. *See* Form-W-2 *available at* http://www.irs.gov/pub/irs-pdf/fw2.pdf, Form-1099-MISC *available at* http://www.irs.gov/pub/irs-pdf/f1099msc.pdf.

When a taxpayer, such as Defendant, elects not to file a return as he is required to do, or reports an income that differs from third party reports, the Code permits the Secretary of the Treasury, or one of his designees, to assess that individual's tax liability as was done here. *Id.* at 6020. The Code affords the Secretary great latitude in preparing a "substitute return" for delinquent individuals "from such information as can be obtained through testimony or otherwise." *Id.* at § 6020(b)(1). Contrary to Defendant's claims here, such "substitute return" is not a legal nullity, but is *prima facie* evidence of what the delinquent taxpayer's tax liability actually is. *Id.* at § 6020(b)(2).

As Plaintiff aptly notes, under this framework, the Secretary's Certificate of Assessment carries with it a legal presumption of correctness and provides an adequate basis upon which to reduce the assessed tax liability to final judgment. *See United States v. Hillman*, 60 F.Appx 563, [91 AFTR.2d 2003-1344] 564 (6th Cir. 2003) (citing *United States v. Walton*, 909 F.2d 915, 919 [66 A.T.F.R. 2d 90-5379] (6th Cir. 1990)). Plaintiff's motion here places the burden on Defendant to point to "affirmative evidence" that contradicts the Secretary's assessment of his tax liability. *See McDermitt v. United States*, 954 F.2d 1245, 1251 [69 A.T.F.R.2d 665] (6th Cir. 1992) (noting that the "taxpayer has the burden of proving that the assessment is wrong."). Defendant has failed to meet that burden.

### III. CONCLUSION

The Magistrate Judge finds that Defendant has failed to produce any evidence contrary to the Certificate of Assessment relied upon by Plaintiff, and, thus, has failed to rebut the presumption of correctness carried by Plaintiff's proof.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Plaintiff's motion for Partial Summary Judgment be **GRANTED** and the defendant's Motion for Partial Summary Judgment be **DENIED**.

The parties have fourteen (14) days of being served with a copy of this Review and Recommendation to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this Review and Recommendation may constitute a waiver of further appeal. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012) (citing *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986)).

**ENTERED** this 17th day of October, 2013.

/s/Joe B. Brown
Joe B. Brown
Magistrate Judge