UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-179 |
| | ) | |
| DUSTIN B. BOGART, | ) | Judge Sharp |
| MARCY A. BOGART, and | ) | |
| SOUTHERN COUNTRY RANCH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The United States filed this suit to reduce to judgment assessments against Defendant Dustin Bogart for unpaid federal income taxes, penalties, and interest (Count 1), and to foreclose federal tax liens and nominee liens against real property located at 5380 State Route 147 in Stewart, Tennessee to satisfy that judgment (Count 2). Pending before the Court are two Reports and Recommendations (R & Rs) Magistrate Judge Brown has issued in the matter.

The first R & R concerns cross-motions for partial summary judgment on Count 1. (Docket No. 127). In it, Magistrate Judge Brown set forth the basic facts underlying the case:

> The defendant, Dustin Bogart ("Defendant"), failed to file tax returns or to pay federal income taxes from 2000 through 2003. Accordingly, the Internal Revenue Service ("IRS") determined Defendant's gross income and the resultant tax liability from "other" reporting sources. Plaintiff assessed the outstanding tax liability, penalties, and interest against Defendant, [c]ertified those assessments, provided notice to Defendant of the outstanding liability, and made demand for payment. Plaintiff also filed liens against Pennsylvania and Tennessee property in which Defendant purportedly has an ownership interest. Plaintiff was unsuccessful in securing payment from Defendant and instituted this action on February 13, 2012 to reduce these assessed taxes and statutory penalties to final judgment.

1

(*Id*. at 1–2 (record citations omitted)).

A Certificate of Assessment the IRS uses to calculate a taxpayer's tax liability—like the one used in this case—is *prima facie* evidence of a taxpayer's tax burden. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *United States v. Janis*, 428 U.S. 433, 440 (1976). Such evidence carries with it a presumption of correctness and provides an adequate basis on which to reduce an assessed tax liability to final judgment. *See United States v. Hillman*, 60 F. App'x 563, 564 (6th Cir. 2003) (citing *United States v. Walton*, 909 F.2d 915, 919 (6th Cir. 1990)). When the government presents it, the burden shifts to the taxpayer to provide convincing evidence showing the government's assessment is erroneous. *Id*.

In this case, the United States offered up the Certificate of Assessment the IRS used to calculate Bogart's tax liability, which was $295,194 as of October 17, 2013. Bogart, however, provided no evidence to cast that figure into doubt. Instead, he presented a host of frivolous arguments. One is that the federal tax code subjects only resident aliens and foreign corporations to its mandatory withholding and reporting requirements, but makes those voluntary for U.S. citizens like Bogart. Another is that the tax code contains no provisions that compel Bogart to file tax returns. And yet another is that the Certificate of Assessment is just a speculative estimate that is insufficient to establish his tax liability.

Bogart misses the mark with well-worn, tax-protester arguments that the courts—including this one—have uniformly rejected. *See generally Dillender v. Carpenters' Pension Trust Fund of St. Louis*, 2014 WL 1289599, at *2 (M.D. Tenn. Mar. 31, 2014) (citing cases); *U.S. v. Bowden*, 2014 WL 1289596, at *3 (M.D. Tenn. Mar. 28, 2014) (same). Because Bogart failed to meet his burden, Magistrate Judge Brown recommended that the Court grant the United States's motion for summary judgment on Count 1 and deny Bogart's cross-motion.

The Court has conducted a *de novo* review of the R & R and wholly agrees with its findings and conclusions. Moreover, the Court has read and carefully considered Bogart's objections to the R & R (Docket No. 140). Unfortunately, a 23-page rehash of Bogart's summary-judgment filings does not get him any closer to convincing the Court his previously rejected views should win the day. His objections are overruled.

The second R & R pending before the Court pertains to the United States's summary-judgment motion against Defendant Southern Country Ranch on Count 2 of the complaint.[1] (Docket No. 163). The government's motion contends that Dustin Bogart is the equitable owner of the real property and that Southern Country Ranch merely holds title to the property as Bogart's nominee and/or alter ego. The United States seeks a declaration that the federal tax liens and nominee liens against the property, as well as its rights to property Dustin Bogart owns, are valid. And it asks that the liens filed against Southern Country Ranch be foreclosed so that the funds derived from its sale be used to satisfy the judgment rendered against Dustin Bogart under Count 1. As the R & R notes, Bogart and Southern Country Ranch failed to respond to these assertions. (*Id*. at 7).

Magistrate Judge Brown's R & R lays out in painstaking detail the web of entities and bank accounts through which the United States alleges that Dustin Bogart transferred the real property at issue. (*Id*. at 3–6). On that basis, the R & R concludes that Southern Country is the alter ego/nominee of Dustin Bogart. (*Id*. at 9).

But the R & R then goes a step further. Because the tax liability owed under Count 1 is that of Dustin Bogart individually—and not the joint liability of Dustin and Marcy Bogart—the

---

[1] While Count 1 concerns only Dustin Bogart's outstanding tax liability, the complaint also names Marcy Bogart and Southern Country Ranch as third parties who allegedly share ownership interests in real property located in Tennessee with Dustin Bogart. (Docket No. 1 at 2).

3

R & R reasons that the United States's claims may extend only to the ownership interest of Dustin Bogart, the delinquent taxpayer. (*Id.*) Tennessee law presumes that couples who acquire property during a marriage hold it as a tenancy by the entirety, unless proven otherwise. *See Simpson v. Fowler*, 2014 WL 1601137, at *9 (Tenn. Ct. App. April 22, 2014). Because no evidence exists of how the Bogarts took title to the property, Magistrate Judge Brown determined that the presumption applies. As a result, the R & R concluded that the United States can only use half of the proceeds from the sale of the property to satisfy Dustin Bogarts's tax liabilities, since Marcy Bogart is entitled to the other half. (Docket No. 163 at 9–10).

The United States objects on various grounds to the R & R's conclusion that the Bogarts intended to create a tenancy by the entirety in the subject property, (Docket No. 166), and the Court agrees that Magistrate Judge Brown erred in concluding they did. Indeed, the Bogarts unequivocally state that Marcy Bogart does not claim an interest in the property. In its complaint, the United States joined Marcy Bogart as a defendant "because she may claim an interest in the Real Property located [at 5380 State Route 147, Stewart, Tennessee.]" (Docket No. 1 at 2). In their answer, the Bogarts plainly "den[y]" that "Marcy A. Bogart may claim an interest in the Real Property plaintiff wishes to put in issue." (Docket No. 85 at 3). Similarly, the Bogarts answer in one word the government's assertion that "Marcy Bogart is the spouse of the Taxpayer and may claim an interest in the Real Property," (Docket No. 1 at 6): "Denies," (Docket No. 85 at 6). If the Bogarts themselves deny that Marcy Bogart has an interest in the property at issue, the Court sees no reason to conclude to the contrary.

As the Court's conclusions respecting Magistrate Judge Brown's two R & Rs resolve the substantive merits of the case, the remainder of the pending motions are denied as moot.

Therefore, having considered all of the parties' arguments, the Court:

4

- ACCEPTS Magistrate Judge Brown's R & R concerning Count 1 (Docket No. 127);

- GRANTS Plaintiff's partial-summary-judgment motion on Count 1 (Docket No. 91);

- DENIES Defendants cross-motion for partial summary judgment (Docket No. 118);

- ACCEPTS IN PART and REJECTS IN PART Magistrate Judge Brown's R & R concerning Count 2 (Docket No. 163);

- GRANTS Plaintiff's motion for summary judgment on Count 2 (Docket No. 150);

- ORDERS 1) that the United States has valid and subsisting tax liens against the property at issue; 2) the foreclosure of the federal tax liens attached to the property at issue; 3) the sale of the property free and clear of any right, title, lien, claim, or interest of any of the parties herein; and 4) the distribution of the sale proceeds first to pay the expenses of the sale, second to the United States to satisfy Dustin Bogart's federal income tax liabilities for the taxable years 2000, 2001, 2002, and 2003, and third to Defendants;

- DENIES AS MOOT Plaintiff's motion for default judgment (Docket No. 92); Defendants' motion for partial summary judgment (Docket No. 97); Defendants' motion to compel (Docket No. 125); Defendants' motion to exclude (Docket No. 135); Defendants' motion for stay (Docket No. 141); Defendants' motion to stay and for leave to file additional evidence (Docket No. 155); Defendants' motion for clarification (Docket No. 156); Defendants' motion to stay and for leave to file additional evidence (Docket No. 157); Defendants' motion for sanctions (Docket No. 167); Defendants' motion to dismiss (Docket No. 171); Defendants' motion to be notified by mail (Docket No. 173); and Defendants' motion to compel (Docket No. 174); and

- DIRECTS Plaintiff to submit within 14 days the revised amount of unpaid federal income taxes, penalties, and interest that Defendant Dustin Bogart owes Plaintiff as of the date of the entry of this Order, along with documentation supporting the revision. The Court will then enter final judgment in this matter.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE