IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-00179 |
| | ) | JUDGE TRAUGER |
| DUSTIN B. BOGART, et al. | ) | |

MEMORANDUM

Pending before the court are the following motions:

(1) Plaintiff's Motion for Distribution of Deposit (Docket No. 204);

(2) Defendants' Motion to Join Indispensable Interested Parties and for multiple other forms of relief (Docket No. 205);

(3) Plaintiff's Motion for Order of Contempt (Docket No. 206);

(4) Defendants' Motion to Show Cause and for multiple other forms of relief (Docket No. 209); and

(5) Defendants' Motion to Void Judgment and Order to Sell Property and for multiple other forms of relief (Docket No. 212).

BACKGROUND

The United States brought this action to reduce certain tax assessments against Dustin Bogart to judgment and to foreclose on tax liens against Bogart's property in Tennessee. The court found that the United States had valid and subsisting tax liens against the property at issue and ordered the foreclosure of the federal tax liens attached to that property. Docket No. 176. The court ordered the sale of the property free and clear of any right, title, lien, claim or interest of any of the parties herein and ordered the distribution of the sale proceeds first to pay the expenses of the sale, second to the

United States to satisfy Bogart's federal income tax liabilities, and third to Defendants. *Id.*[1] By subsequent order, the court awarded the United States judgment in the amount of $304,584.22 against Defendant Dustin Bogart. Docket No. 182. Defendant Bogart appealed that judgment, and the Sixth Circuit Court of Appeals affirmed this court's opinion and upheld this court's judgment. Docket Nos. 189-90.

Following that appeal, the court granted the United States' Motion for Entry of Order of Sale, authorizing the Internal Revenue Service ("IRS") to offer the property at issue for sale at public auction and to sell it free and clear of liens or interests of the Defendants and of the United States. Docket No. 195. Defendants appealed that decision to the Sixth Circuit Court of Appeals. Docket No. 201. The Sixth Circuit again affirmed this court's opinion and upheld the Order of Sale, finding that Bogart's arguments challenging the Order of Sale were barred by the law-of-the-case doctrine. Docket Nos. 216-17. The Sixth Circuit also denied Defendants' "pending motions" as moot. Docket No. 216, p. 5.

At the time of the Sixth Circuit's second opinion, Defendants' pending motions were Docket No. 205 (Motion to Join Indispensable Parties), Docket No. 209 (Motion for Order to Show Cause), and Docket No. 212 (Motion to Void Judgment and Order to Sell Property). Those motions having been denied by the appellate court, the Clerk is directed to terminate them on this Court's docket.[2]

---

[1] The court also held that Defendant Southern Country Ranch was Bogart's nominee or alter ego, a finding that was affirmed by the Sixth Circuit Court of Appeals. Docket Nos. 176 and 189.

[2] The court notes that these three motions would have been denied by this court in any event, as they rehash arguments which were previously made and rejected by both this court and the Sixth Circuit.

2

MOTION FOR DISTRIBUTION OF DEPOSIT

Plaintiff's Motion for Distribution of Deposit (Docket No. 204) is based upon the IRS's June 28, 2016 offer for sale of Bogart's real property in Tennessee. That property was sold, and in accordance with the Order of Sale, a deposit of $1,000 was collected from the successful bidder and deposited with the Clerk of Court. The successful bidder did not complete the sale.[3] The Order of Sale provides that if the successful bidder does not complete the sale, the deposit is forfeited and shall be applied to the cover the expenses of the sale. Docket No. 195.

The United States asks the court to distribute that deposit to the IRS to be applied to the costs of sale, which exceeded $1,000. *See* Declaration of Roberta Colee, Property and Liquidation Specialist for the IRS. (Docket No. 204-1). The facts as set forth in Ms. Colee's Declaration have not been disputed. Therefore, pursuant to the Order of Sale (Docket No. 195), the United States' Motion for Distribution of Deposit (Docket No. 204) will be granted.

MOTION FOR ORDER OF CONTEMPT

In its Motion for Order of Contempt (Docket No. 206), the United States asks the court to find Dustin Bogart in contempt for violating the court's Order of Sale (Docket No. 195). Among other things, the court ordered the following:

> Until the Real Property is sold by the Internal Revenue Service, Dustin and Marcy Bogart shall take all reasonable steps necessary to preserve the Real Property (including all improvements, fixtures, and appurtenances) in its current condition. They shall not commit waste against the Real Property, nor shall they cause or permit anyone else to do so. Dustin and Marcy Bogart shall not do anything that tends to reduce the value or marketability of the Real Property, not shall they cause or permit anyone else to do so. Dustin and Marcy Bogart shall take no action which may tend to deter or discourage potential bidders from participating in the public auction.

---

[3] As indicated herein, the United States contends that the successful bidder decided not to purchase the property because of certain actions by Defendant Bogart.

Docket No. 195, p. 4.

After the Order of Sale, Defendant Southern Country Ranch, through a man named Jerry Speer, who identified himself as "overseer" of the property, filed a document with the Houston County Register of Deeds, purporting to grant an easement on the property to Bogart's daughter. Docket No. 206-6. In addition, Defendants filed an Affidavit with the Houston County Register of Deeds, alleging that the proposed sale was illegal. Docket No. 206-4. Ms. Colee's Declaration indicates that, as the IRS was preparing to conduct the sale of this property, Defendants took various actions to interfere with the sale, including removal of the IRS's auction sign; roping off the property and placing a "No Trespassing" sign directed to government officials; and posting of signs designed to discourage potential buyers. Docket No. 206-2.

Ms. Colee stated that Mr. Speer attended the sale and told all bidders that there was an easement against the property and the property was tied up in court. Docket No. 206-2. The successful bidder thereafter decided not to complete the sale and told Ms. Colee he "believed there were ongoing issues with Mr. Speer and Mr. Bogart regarding ownership of the Real Property and he did not want to deal with those issues." *Id*.

The United States contends that the purported easement should be declared invalid and Bogart should be required to pay the costs of the sale which exceed the $1,000 deposit referenced above, a total of $696.93, as sanctions for his misconduct.

A decision on a motion for contempt lies within the sound discretion of the court. *Fender Musical Instruments Corp. v. Swade*, 2017 WL 1299245 at * 2 (M.D. Tenn. Apr. 7, 2017). Federal courts have broad contempt power, which exists for the preservation of order in judicial proceedings and the enforcement of judicial orders and writs of the courts. *Brown v. City of Upper Arlington*, 637

F.3d 668, 671 (6th Cir. 2011). In order to hold a party in contempt, there must be a showing by clear and convincing evidence that the party has violated a definite and specific court order requiring the party to refrain from performing a particular act. *Fender* at * 2; *Roman v. Korson*, 307 F.Supp.2d 908, 915 (W.D. Mich. 2004).

The United States has met this burden. Through Ms. Colee's Declaration, the IRS has established that Bogart[4] violated the definite and specific terms of the court order quoted above. Accordingly, Plaintiff's Motion for Order of Contempt (Docket No. 206) will be granted.

IT IS SO ORDERED.

ENTER this 23rd day of June 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[4] Speer took his actions on behalf of Southern Country Ranch, and the court has already found that Southern Country Ranch is the alter ego/nominee of Dustin Bogart.